IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

RAYMOND DAKIM HARRIS JOINER,       )
                                    )
                Petitioner,         )
                                    )
        v.                          )    1:20CV717
                                    )
J. SAPPER,                          )
                                    )
                Respondent.         )

**MEMORANDUM OPINION, ORDER, AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Petitioner, a prisoner of the State of North Carolina, filed a Petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and an application to proceed in forma pauperis. (Docket Entries 1, 2.) For the reasons that follow, the Court should dismiss the Petition.

BACKGROUND

According to the Petition and records of the North Carolina Department of Public Safety, on September 13, 2010, the Superior Court of Guilford County entered judgment against Petitioner for larceny in case 09 CRS 69676. (Docket Entry 2, §§ 1, 2, 5); http://webapps6.doc.state.nc.us/opi/offendersearch.do?method=view (search for "Raymond D. Joiner" last completed Aug. 10, 2020). The record does not reflect that Petitioner made any attempts at review in the state courts before bringing his Petition in this Court or make clear that Petitioner remains in custody for the challenged conviction. In any event, his petition fails as a matter of law.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases, states:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

For the reasons set out below, the Petition plainly states no claim for relief.

Petitioner raises a single claim for relief labeled "Subject-Matter Jurisdiction" (Docket Entry 2, § 12, Ground One) and supported by facts and arguments set out in documents attached to the Petition. In those documents, he asserts that the trial court lacked subject matter jurisdiction over his cases because he is a "living soul whom is a private and sovereign man united and joined to his person and individual" and is not a "person or individual" under the laws of the United States or the State of North Carolina. Petitioner goes on to deny having contracted with the United States or North Carolina and having incurred a conviction under the common law of North Carolina. At various points, he mentions admiralty and maritime law, contract law, and the Rules of Civil Procedure, none of which apply to criminal proceedings or convictions. Nevertheless, Petitioner somehow concludes that subject matter jurisdiction did not exist in his criminal case. He also includes documents related to the Uniform Commercial Code and an "Affidavit" and "Affidavit of Truth" further relying on admiralty, maritime, contract and commercial law. Next, Petitioner attaches a "Notice of Understanding and Intent And Claim of Right" in which he ultimately declares, among other things, his intent to "exist free of all

statutory obligations [and] restrictions." The document also includes an Addendum identifying Petitioner as a "Son of God," as well as a schedule of penalties for those who commit certain "transgressions" against Petitioner such as questioning or interrogating him, handcuffing or incarcerating him, tasering him, or medicating him without consent.

The attachments to the Petition contain numerous logical, legal, and factual fallacies. However, the Court needs only to specifically address a few points to dismiss the Petition under Rule 4. North Carolina, having ratified the United States Constitution in 1790, is one of the States of the United States of America. Cross v. Harrison, 57 U.S. 164, 170, 200 (1853). It also retains the sovereign power to prosecute crimes in its boundaries. Abbate v. United States, 359 U.S. 187, 194 (1959). Larceny constitutes a crime under the statutes of the State of North Carolina. See N.C. Gen. Stat. § 14-72. North Carolina relied on this statute to prosecute and convict Petitioner and the Petition raises no colorable challenge to North Carolina's jurisdiction under that statute. His declarations to the contrary are simply frivolous. The jurisdiction of the United States, the common law, the corporate status or lack thereof of the United States, maritime and admiralty law, contracts, Petitioner's religious status, and his declared penalties for "transgressions" against him are all irrelevant and his claims based on these matters are meritless.

CONCLUSION

The Petition fails as a matter of law on its face. In forma pauperis status will be granted for the sole purpose of recommending dismissal.

**IT IS THEREFORE ORDERED** that in forma pauperis status is granted for the sole purpose of entering this Order and Recommendation.

**IT IS RECOMMENDED** that the Petition (Docket Entry 2) be dismissed.

This, the 13th day of August, 2020.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**